IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** | * |
| | * |
| v. | *   Crim. Case No.:  SAG-96-086 |
| | * |
| **DEMETRIUS SMITH,** | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant Demetrius Smith, who is serving a 500-month sentence in the Bureau of Prisons ("BOP"), filed a renewed motion seeking compassionate release, as invited by this Court in its opinion of July 15, 2022, denying Smith's previous motion without prejudice. ECF 93, 95. Smith received his sentence in 1996 following his guilty plea to murder in aid of racketeering. ECF 50-1. Presently, he argues that the extended length of his sentence in comparison with the likely sentence for the same offense today, in combination with his young age at the time of the offense and his evident rehabilitation over his almost twenty-nine years in custody, constitute extraordinary and compelling reasons supporting a reduction in his sentence from 500 to 360 months. ECF 95. The Government opposed Smith's compassionate release petition in 2022 and stands on its earlier arguments. ECF 88, 96. This Court afforded the Government an additional opportunity to supplement its submission with victim impact statements in accordance with the Crime Victims' Rights Act, 18 U.S.C. § 3771, but no statements have been submitted. No hearing is necessary. For the reasons addressed below, this Court will GRANT Smith's renewed motion and will reduce his sentence to 360 months' incarceration, without altering the period of supervised release to follow.

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C.

§ 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018). While previously, any motion for compassionate release had to be initiated by the BOP, the First Step Act granted defendants the ability to move the court for a reduction in their sentence for "extraordinary and compelling reasons." Before a defendant's motion can be filed with the court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once a motion is for compassionate release is properly filed, the court determines whether extraordinary and compelling reasons render the inmate eligible for compassionate release and considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *Id.*

The Government does not dispute that Smith adequately exhausted his administrative remedies before filing his motion. *See* ECF 88 at 2–3. Thus, this Court turns to whether he has established any extraordinary and compelling reason warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission ("Commission") to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission has defined "extraordinary and compelling reasons" to exist where (1) the defendant is suffering from a terminal or serious medical condition; (2) the defendant is at least 65 years old, has failing health, and has served at least 10 years or 75 percent of his sentence, whichever is less; (3) the caregiver

2

of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; (4) the defendant was a victim of physical or sexual abuse committed by an individual with custody or control over the defendant while he was incarcerated; (5) "other reasons" similar in gravity; or (6) the defendant has served at least 10 years of an "unusually long sentence" and a change in the law has produced a "gross disparity" between the sentence being served and the sentence likely to be imposed when the defendant files his motion. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023).

This case falls into the "catch-all" or "other reasons" provision because Smith does not precisely qualify under any of the other provisions. There has not been any formal change in the law resulting in a "gross disparity" between Smith's sentence and the sentence likely to be imposed upon a similarly situated defendant today. Without question, however, based on the statistics cited by Smith in his revised memorandum, a defendant who ordered a single murder would be unlikely today to receive a sentence of even thirty years. *See* ECF 95 at 11–12. Of course, that discrepancy results largely from an evolution in the exercise of prosecutorial discretion. Today, requiring a defendant to plead guilty to Smith's offense of conviction, murder in aid of racketeering, would result in an even lengthier sentence of life in prison, due to amendments to the statute. *See* 18 U.S.C. § 1959(a)(1). Accordingly, then, defendants are almost never required to plead guilty to that offense because of the sentence it triggers. Prosecutors generally reserve its use for leaders of violent racketeering organizations. Mem. & Order at 5–8, *United States v. Linton*, Crim No. JKB-98-258 (D. Md. Sept. 27, 2021). And even in the Government's recitation of the facts, Smith is not in that category. He was a narcotics dealer hoping to curry favor with a supplier by seeking revenge against the person who had robbed the supplier. ECF 88 at 1–2.

3

Moreover, modern-day murder sentences are far lower than the 500-month sentence Smith received in 1996. The Sentencing Commission report shows that in fiscal year 2023, the average sentence for murder was 285 months. *Interactive Data Analyzer*, U.S. SENT'G COMM'N, https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited July 30, 2024). In the last five fiscal years, 83.6 percent of defendants convicted of murder received sentences of 30 years or less. *Id.* The gross disparity between Smith's sentence and the sentences received by those convicted of murder today is an extraordinary and compelling reason weighing in favor of further consideration of a sentencing reduction.

This Court also relies, to a lesser degree, on Smith's evident rehabilitation during his lengthy, almost twenty-nine-year period of incarceration. After a somewhat rocky period during the early 2000s, Smith has remained infraction-free since 2009, with the exception of a single infraction for use of drugs/alcohol in 2021. ECF 95-2. Smith has remained entirely infraction-free since the issuance of this Court's opinion in 2022. Moreover, he has availed himself of many educational and self-improvement courses, ECF 95-3, and has reduced his security level to low, ECF 95-4. He presently works full-time as an orderly for his unit block and has worked consistently over the past several years at his various institutions. ECF 95 at 21. He is classified as a low risk for recidivism. ECF 95-4. While the Government correctly notes that rehabilitation alone cannot be an extraordinary and compelling reason justifying relief, 28 U.S.C. § 994(t), this Court is permitted to consider rehabilitation in combination with other factors.

In the unique circumstances of this case, this Court agrees that the unusually long length of Smith's sentence, in combination with the gross disparity with the sentence he would receive today and his strong evidence of rehabilitation, constitutes an extraordinary and compelling reason to consider whether the 18 U.S.C. § 3553(a) factors warrant reduction of his sentence to 360

months, which was the low end of his guidelines range at the time of his sentencing. This Court will therefore proceed to consider the § 3553(a) factors in this case.

Turning to the history and characteristics of the Defendant, Smith's track record over the past fifteen years places him in a different position than at his sentencing in 1996. At that time, Smith stood before the Court as a man in his early 20s, already with a serious criminal record, having been a participant in a murder offense. Today, more than twenty-eight years later, Smith is a man in his early 50s with stable relationships and a release plan, including prospective employment. *See* ECF 81-5–81-16. He has demonstrated his rehabilitation by complying with prison regulations, nearly without exception, for fifteen years. He has also availed himself of educational and vocational opportunities in the prison facility.

Looking at the nature and circumstances of the offense, Smith's offense of conviction is serious and violent. In considering just punishment for that offense, however, this Court notes the almost twenty-nine years that Smith has already served. A thirty-year sentence serves as an ample deterrent, both for the public and to Smith. The public will be protected from future crimes committed by Smith because he will commence supervised release once his period of incarceration concludes. He will have to complete that period without incident or face additional consequences. During that period of supervision, he can also receive training and treatment to facilitate his reassimilation into the community in a more effective manner.

Further, Smith's present anticipated release date, if this Court does not reduce his sentence, is in November of 2030. This Court is not persuaded that an additional six years of incarceration (which will likely be even shorter if, like most defendants, Smith is released to community confinement) is necessary to ensure Smith is able to comply with the conditions of supervision or to protect community safety. Despite his criminal history during his younger days, the record

Smith has established during his decades of incarceration suggests that he no longer poses a significant threat to community safety, once he is released to carefully crafted conditions of supervised release. Accordingly, this Court believes that reducing Smith's sentence to 360 months is sufficient, but not greater than necessary, to address the purposes of the sentencing statute, 18 U.S.C. § 3553(a).

    This Court therefore will grant Defendant's renewed motion for compassionate release, ECF 95, and will enter an amended judgment reducing Smith's sentence to 360 months. To the extent the reduction will result in imminent release from custody, because the United States Probation Office has not yet had an opportunity to evaluate Smith's release plans, any release will be stayed for a period of thirty days from the date of the Order of Amended Judgment to allow medical clearance, quarantine, if necessary, and the implementation of an approved release plan.

Dated: July 30, 2024                                        _____/s/_____
                                                                                 Stephanie A. Gallagher
                                                                                 United States District Judge